IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos.   CR-03-237-S-BLW |
| | ) | CV-04-543-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| EDGAR RODRIGUEZ, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 89).

Having reviewed the record and the Government's Response (Docket No. 92), the Court enters the following Order denying the Motion.

## BACKGROUND

On October 15, 2003, an indictment was filed charging Defendant, together with two co-Defendants, in Count 1 with conspiracy to distribute methamphetamine, and in Count 2 with aiding and abetting the distribution of methamphetamine. Defendant alone was charged in Counts 4 and 5 with distribution of methamphetamine. He thereafter pled guilty, pursuant to a plea agreement, to Count 5 with the agreement that Counts 1, 2, and 4 would be

Order - 1

dismissed. On March 22, 2004, the Court imposed a sentence of 46 months after granting the Government's § 5K1.1 motion for a four-level downward departure for substantial assistance and motion for relief from the mandatory minimum sentence of five years. *See* Judgment (Docket No. 60).

Defendant did not appeal his sentence or conviction. He timely filed his § 2255 Motion alleging (1) ineffective assistance of counsel for failure to secure a two-level safety valve departure and a reduction for minor or minimal role in the offence; (2) downward departure based on *Blakely*; and (3) entitlement to post-conviction downward departure under § 5K2.19. The Government responded that Defendant (1) did receive the safety valve reduction; (2) was not entitled to a role adjustment; and (3) waived his right to contest his sentence under § 2255. The Government further responded that *Blakely* is not retroactive.

## APPLICABLE LAW AND DISCUSSION

**A.     Standard of Law**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by

law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 Motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

### B.     Waiver of Right to File § 2255 Motion

At the outset, the Court notes that the Plea Agreement pursuant to which Defendant pled guilty contained a waiver of his right to contest his conviction or sentence in an appeal or a § 2255 proceeding "except as to an appeal claiming ineffective assistance of counsel based upon facts discovered <u>after</u> the entry of defendant's guilty pleas (sic)." *See* Plea Agreement, pp. 4-5 (Docket No. 19).

**Order - 3**

Generally, a knowing and voluntary waiver of the right to collaterally attack a sentence pursuant to § 2255 is enforceable, at least as to claims that do not relate to ineffective assistance of counsel with respect to a guilty plea or to the waiver itself. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). The enforceability of an unambiguous, knowing, and voluntary waiver of appeal rights, was recently recognized again by the Ninth Circuit. *United States v. Jeronimo*, 398 F.3d 1149, 1156-57 (9th Cir. 2005) (dismissing appeal based on waiver but leaving open the possibility of a § 2255 ineffective assistance of counsel claim challenging the validity of the waiver itself). More recently, in the context of an appeal of the denial of § 2254 petition, the Ninth Circuit definitively held that such a waiver is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntary and intelligent nature of the waiver itself. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005).

Here, Defendant's two ineffective assistance of counsel claims are not related to his guilty plea or to the waiver of his § 2255 rights. Rather, they pertain to factors affecting the length of his sentence. His *Blakely* claim and his claim of entitlement to a departure based on post-sentencing rehabilitative efforts are also related to the length of his sentence. Therefore, the clear, unambiguous language

of the Plea Agreement waiver precludes Defendant's claims here.  However, even if the waiver were unenforceable, Defendant's claims would fail for the reasons set forth below.

### C. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a defendant generally must establish that (1) counsel's representation fell below an objective standard of reasonableness, and (2) but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The Court may consider the performance and prejudice components of the *Strickland* test in either order.  *Strickland*, 466 U.S. at 697.  Furthermore, the Court need not consider one component if there is an insufficient showing of the other.  *Id.* To show prejudice in the guilty plea context, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Order - 5

1.  **Safety Valve Reduction**

Defendant contends that counsel was ineffective at sentencing for failing to secure a two-level safety value reduction under § 5C1.2.  The record conclusively rebuts this claim.  A review of the Presentence Report at ¶ 28 indicates that Defendant did indeed receive the safety valve reduction.

2.  **Role in the Offense**

Defendant next contends that counsel was ineffective at sentencing for failing to argue for a two- to four-level reduction for a minimal or minor role in the offense pursuant to § 3B1.2.  He offers justification for his entitlement to a role adjustment.  A review of the record and the Presentence Report indicates that Defendant was held accountable only for the amount of drugs Defendant personally sold to a confidential informant as evidenced in paragraphs 16 and 17 of the Presentence Report.  Defendant contends that he is nevertheless not precluded from receiving the adjustment.  *See* § 3B1.2, comment (n.3(A)).[1]

---

[1] The Comment provides in relevant part:

> A defendant who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline.

**Order - 6**

The fact that Defendant is not precluded from the reduction does not mean that he is entitled to it.  In other words, the Court may consider granting the reduction, but it is not required to grant it.  Had Defendant been held accountable for all drug quantities reasonably foreseeable, or in furtherance of jointly undertaken criminal activity, a role reduction may have been warranted.  However, Defendant had an essential role in facilitating the transactions for which he was held accountable.  A reduction is not warranted simply because he may have been part of a larger drug trafficking scheme.  *See United States v. Ruelas*, 106 F.3d 1416, 1419 (9th Cir. 1997) (citing *United States v. Olibrices*, 979 F.2d 1557 (D.C. Cir. 1992).  It has been the policy of this Court to deny a role reduction in such circumstances.  Even if defense counsel had argued for a role reduction, the Court would not have granted it.  Therefore, even if defense counsel was deficient in not arguing for a reduction for role in the offense, Defendant cannot show prejudice.

D. *Blakely* **Claim**

Defendant contends generally that he is entitled to a downward departure under 18 U.S.C. § 3553(b) for unspecified mitigating circumstances not adequately taken into consideration by the sentencing commission.  He further contends that the Supreme Court's then-recent decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), "justifies" the downward departure request.  The Ninth Circuit has

**Order - 7**

held that *Blakely* is not retroactive to cases on collateral review.  *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005).  Likewise, the Ninth Circuit has held that *United States v. Booker,* 125 S. Ct. 738 (2005), which extended the rule of *Blakely* to the federal sentencing guidelines, is not retroactive to convictions that became final prior to its publication.  *United States v. Cruz*, 423 F.3d 1119, 1119-20 (9th Cir. 2005) (citations omitted).

     E.    **Post-Sentencing Rehabilitative Efforts**

Defendant alleges that he is entitled to a downward departure for post-sentencing rehabilitative efforts because of his good conduct and efforts at rehabilitation.  Despite the cases cited to the contrary by Defendant, § 5K2.19 clearly prohibits such a departure.  It was adopted after those cited cases were decided to resolve a conflict in the circuit courts of appeal and to clarify that such efforts are not an appropriate basis for a downward departure.[2]  *See* U. S. Sentencing Guidelines Appendix C, Amendment 602, Commentary, effective November 1, 2000.  Furthermore, prior to the adoption of § 5K2.19, the departure

---

[2]  Section 5K2.19 provides in relevant part:

> Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense.

**Order - 8**

was only granted upon resentencing following remand from the court of appeals, not in a § 2255 proceeding.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 89) is DENIED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-04-543-S-BLW is DISMISSED in its entirety with prejudice.

DATED:  **November 22, 2005**



B. LYNN WINMILL
Chief Judge
United States District Court